**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLENDALE WINDROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.:   13 C 001134 |
| | ) | |
| Northeast Illinois Regional Commuter | ) | JUDGE THOMAS M. DURKIN |
| Railroad Corporation d/b/a Metra, an Illinois | ) | |
| Municipal Corporation, and Metra Police | ) | MAGISTRATE JUDGE JEFFREY |
| Officer David Robertson Star No. 958, | ) | COLE |
| Individually | ) | |
| | ) | |

**DEFENDANT METRA'S MOTION TO DISMISS**
**IN LIEU OF AN ANSWER**

Defendant Metra, by and through its attorney, Marivel Montes, moves to Dismiss Defendant Metra pursuant to Rule 41 of the Federal Rules of Civil Procedure as Plaintiff fails to establish a cause of action as to Defendant Metra and in support thereof state as follows:

1.      Plaintiff Glendale Windrom filed a complaint against Defendants Metra and Officer David Robertson alleging that on November 8, 2012, in violation of the Civil Rights Act, 42 U.S.C. §1983 et seq., he was the victim of an unreasonable seizure; an unjustified and excessive use of force; and that he suffered an assault and battery by Officer David Robertson of the Metra Police Department which allegedly caused serious injury to his arms and wrists.

2.      Defendant Metra is a local public entity as defined under §1-206 of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-206 *et seq.* ("Tort Immunity Act") and is subject to said Act.

3.  Defendant METRA is immune from the actions of Defendant David Robertson under said Act.

4.  Plaintiff alleges that Metra is liable to plaintiff for the acts of Robertson pursuant to the doctrine of repondeat superior.

5.  Section 1983 does not recognize the doctrine of respondeat superior. *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1390 (7th Cir. 1984).

6.  A governmental entity such as METRA cannot be held liable unless an official policy or custom it had caused the constitutional violation asserted in the complaint. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

7.  Under *Monell*, to state a claim against a municipal entity for violation of § 1983, a complaint must allege the conduct leading to the injury resulted from enforcement of an express policy, or an instance of a widespread practice that is so permanent and pervasive that it takes on the force of law, or an action of a person with final policy making authority for the municipality. *City of St. Louis v. Paraprotnik*, 485 U.S. 112, 127 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). That is, the governmental entity itself must be a "moving force" for the alleged injury before liability can attach; otherwise, if cannot be fairly said that the injurious acts are truly those of the municipality. *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997).

8.  Plaintiff's Complaint fails to plead facts sufficient to support his claim that Metra caused any constitutional deprivation of his rights.

WHEREFORE, Defendant Metra prays that this Honorable Court grant its Motion

to Dismiss Metra and for any other relief as this court deems proper.

By: /s / Marivel Montes
Marivel Montes, one of the
Attorneys for the Defendant Metra

Marivel Montes - 6280655
METRA LAW DEPARTMENT
547 W. Jackson Boulevard – 15th Floor
Chicago, Illinois 60661
(312) 322-6900